FILED
JAN 1 9 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
) CRIMINAL NO.
v. ) SA17-MJ-59(1)JWP
)
LILIANA YVETTE HERNANDEZ, )
)
Defendant. )

## PROBABLE CAUSE AFFIDAVIT

I, Officer Frantz Beliard, do hereby state and depose as follows: On or about 26 October 2016, at about 11:04 p.m., SrA Joseph Talerico, SrA Elizabeth Aguilar, Officer Cristobal Trevino III and I were performing routine police duties at JBSA-Fort Sam Houston, Texas, in the Western District of Texas and within the special maritime and territorial jurisdiction of the United States. Beliard observed a white, Honda, CRV, TX LP #DEP7902, approached the Schofield ECP at a high rate of speed when it was stopped for ID. The vehicle operator identified as Liliana Y. Hernandez (hereinafter "defendant") handed a temporary paper copy of her Texas identification card, showing valid until 29 SEP 2016 at the top. A check of the Defendant's ID card through TLETS/NCIC revealed her driver's license to be suspended for SFST refusal.

The Defendant looked disoriented and she had watery blood shot eyes. A strong odor of alcohol was emitting from the vehicle and the Defendant's person. Beliard asked the Defendant to shut off her vehicle and place the keys outside. The Defendant asked, "what is this place?" Beliard informed her it was JBSA Fort Sam Houston. The Defendant said, "I do not need anything to do with military place or anything with government at all". Beliard gave the Defendant three pre-exit tests to determine whether she was able to operate a motor vehicle safely as follows: Officer Beliard gave the Defendant the instruction for finger count dexterity to count four finger with the touch of the thumb while counting one, two, three, and four for the pinky finger; then continue in reverse with the pinky finger as one. The Defendant started the test with the index finger as number five instead of one, finger number two as number three, and then one for the next finger. Officer Beliard gave the Defendant the opportunity to start the test over, she began with the index finger as one, skip a finger then count the next as five, and three for the following, then stopped. This test portion was failed. Beliard gave the Defendant the alphabet test and I instructed her to recite the alphabet from letter "N" through "X", she thought of it at first, started by saying "N", mumble for few seconds, then stopped. The Defendant failed this test portion. Officer Beliard gave the Defendant the count test and Officer Beliard instructed her to count backwards from 64 to 52. The Defendant said 68 instead of 58, corrected herself, then

she slowly got back to 57 paused for few seconds, then continued counting down to 44. This portion of the test was failed; therefore, the Defendant failed the pre-exit test.

  Officer Beliard offered the Defendant the Standardized Field Sobriety test (SFST), which she hesitated whether to do it or not. The Defendant asked me, "why are you making things so difficult", "Why are you making me do this" in a crying voice. The Defendant told me she would not pass the SFST's, and that she was getting ready to be off probation within a week. I asked the Defendant whether she would do the test or not, she said no.

  Officer Trevino transported the Defendant to the Fort Sam Houston police station where SrA Aguilar read her the Texas Implied Consent. The Defendant was hesitant about signing or selecting whether or not she would submit to a sample of her breath. The Defendant made spontaneous statements that she's guilty and that she was too drunk to make decisions. The Defendant was explained of the refusal to consent consequence, then she gave her consent to a breath sample, which resulted in a 0.188 % BAC.

  Based on my training, experience, review of the case file, and statements of witnesses, I believe the Defendant did not have the normal use of her mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, and had an alcohol concentration above 0.15, while operating a motor vehicle in a public place on JBSA-Fort Sam Houston. I believe the Defendant was operating a motor vehicle in a public place and on a public highway while the said Defendant's driver's license was suspended or revoked.

The foregoing is true and correct to the best of my knowledge, information and belief.

*Frantz Bellard*
Frantz Bellard
Police Officer
JBSA Ft Sam Houston TX

Sworn to (affirmed) and subscribed before me this 14th day of November, 2016, by Officer Frantz Beliard who is personally known to me.

*CYNTHIA M. MCCLURE*
*Notary Public, State of Texas*
*Comm. Expires 01-16-2017*
*Notary ID 129268237*

*C. M. McClure*
Signature of Notary Public
Cynthia M. McClure
Notary Public, State of Texas

Probable cause found: ✓

No probable cause found: _____

United States Magistrate Judge

Date 1/30/2017